IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GENEVA MAYNARD, as Administratrix
of the Estate of CHRISTOPHER RATLIFF, deceased.,

            Plaintiff,

v.                                                CIVIL ACTION NO. 3:09-0101

THE CITY OF HUNTINGTON and
JOHN DOE OFFICERS of the City of
Huntington Police Department,

            Defendants.

**ORDER**

Pending before the Court are Plaintiff's Motion to Amend Complaint (Doc. #36) and Motion to Compel (Doc. # 37). For the reasons stated below, both motions are **DENIED.**

On November 5, 2009, the Court granted Plaintiff's request to proceed in this action *pro se*. In its Order, the Court instructed that "[a]s a pro se plaintiff, Ms. Maynard is cautioned that – when filing papers with and/or appearing before this Court – she is responsible for and will be required to comply with the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia and the Federal Rules of Civil Procedure." *See* Doc. 29. Further, the Court "cautioned that all existing Orders filed in this case remain in effect, including the Scheduling Order entered on April 6, 2009." *Id.* Plaintiff's motions are **DENIED** because she has failed to comply with the instructions in the Court's November 5, 2009, Order and with the Local and Federal Rules.

**Plaintiff's Motion to Amend**

Plaintiff's motion to amend, seemingly to add Tom E. Bevins and Mike Clark of the U.S. Department of Justice, the [U.S.] Drug Enforcement Agency, and the State of West Virginia as party defendants, must comply with Federal Rules of Civil Procedure 15 and 16. Specifically, because Plaintiff's motion was filed *after* the Scheduling Order's June 1, 2009, deadline for the amendment of pleadings, it is subject to the two-part test discussed in *Marcum v. Zimmer.* 163 F.R.D. 250, 254 (S.D. W.Va. 1995). This means that in order for Plaintiff to be granted the right to amend she would need to (1) satisfy the "good cause" standard of Rule 16(b), and (2) pass the tests for amendment under Rule 15(a). *Id.; see also Stewart v. Coyne Textile Services*, 212 F.R.D. 494 (S.D. W.Va. 2003) (adopting and applying *Marcum*'s two-step test). Although the standard for amendment under Rule 15 is liberal, a showing of "good cause" under Rule 16(b) would require the Plaintiff to present evidence and/or argument to justify a modification. *Marcum*, 163 F.R.D. at 254 ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence."). Said differently, in order to seek the relief requested Plaintiff would need to do two things. She would need to (1) explain why amendment is appropriate, and (2) explain what caused the delay in her request for amendment *after* the June 1, 2009, deadline.

In her letter-form motion, she does not provide any evidence or information to support her request to add parties and/or any explanation for her delay**.** As a result, she has not met her burden for amendment under Rules 15 and 16. Plaintiff's motion is therefore **DENIED**.

## Plaintiff's Motion to Compel

Plaintiff's motion to compel is also **DENIED**. The Federal Rules provide guidance to all parties on how to proceed in discovery. Under these Rules, the Court does not order discovery. Instead, a party seeking documents from another party must serve a request on that party in accordance with Rule 34, and a party seeking documents from a non-party must obtain and serve a subpoena upon that non-party in accordance with Rule 45. Thus, if Plaintiff seeks to obtain the documents referenced in her letter-form motion from the West Virginia State Police Department, which is currently not a party to this case, she must (1) obtain a subpoena from the Clerk of Court and (2) serve this subpoena upon the Police Department. *See Fed. R. Civ. P. 45*. Additionally, because the deadline to complete discovery in this case passed on November 25, 2009, *see* Doc. 6, before Plaintiff can successfully request any documents or other discovery from the West Virginia State Police Department, or from any other party or non-party, she must file a motion asking the Court to enlarge the discovery period. In this motion, she would need to (1) specifically identify the documents and/or other information she seeks to request and/or subpoena, and (2) explain the reasons for her delay in requesting such information and/or documents. Without such information, evidence or argument, Plaintiff's motion to compel is **DENIED.**

Finally, Plaintiff is reminded that according to Rule 5 of the Federal Rules of Civil Procedure she is required to serve a copy of any motion or other pleadings filed in this action on every party. Service can be made in any manner described Rule 5.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:  December 8, 2009

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE